IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CORREA, | No. CIV S-10-0473-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| W. BRADLEY HOLMES, | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendant: W. Bradley Holmes, an attorney.  He claims:

> Attempts were made (legally) of obtaining my papers, property, fees, work product, personal notes, etc., upon termination of attorney employment; rules of professional conduct of the State Bar of California, Rule 3-700(D). . . .  W. Bradley Holmes . . . chose to ignore my legal claim and return of my files, materials, etc.  "A breach of contract."  An attorney owes a duty of complete fidelity to the client and the interests of the client.  Existing law states that the work product of an attorney who is no longer representing the client belongs to the client.  It is the duty of an attorney to provide. . . .

An essential element of a claim under § 1983 is that the defendant have acted under color of state law.  See Crumpton v. Gates, 947 F.2d 1418 (9th Cir. 1991).  It is not clear whether defendant represented plaintiff as an appointed public defender or retained private counsel.  In any event, however, plaintiff cannot maintain an action under § 1983 because defendant cannot be said to have acted under color of state law.  See Georgia v. McCollum, 505 U.S. 42 (1992) (public defender not state actor); see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156 (9th Cir. 2003) (retained private counsel not a state actor).

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to

1 | this order may result in dismissal of the action for the reasons outlined above, as well as for
2 | failure to prosecute and comply with court rules and orders.  See Local Rule 110.
3 |        IT IS SO ORDERED.
4 |
5 | DATED: May 28, 2010
6 |
7 |                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE