**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR CORREA, | No. CIV S-10-0473-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| W. BRADLEY HOLMES, | |
| Defendant. | |
| _____/ | |

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's response to the court's June 1, 2010, order to show cause.

  In the order to show cause, the court stated as follows:

> Plaintiff names the following as defendant: W. Bradley Holmes, an attorney. He claims:
>
>> Attempts were made (legally) of obtaining my papers, property, fees, work product, personal notes, etc., upon termination of attorney employment; rules of professional conduct of the State Bar of California, Rule 3-700(D). . . . W. Bradley Holmes . . . chose to ignore my legal claim and return of my files, materials, etc. "A breach of contract."

1

> An attorney owes a duty of complete fidelity to the client and the interests of the client. Existing law states that the work product of an attorney who is no longer representing the client belongs to the client. It is the duty of an attorney to provide. . . .

An essential element of a claim under § 1983 is that the defendant has acted under color of state law. See Crumpton v. Gates, 947 F.2d 1418 (9th Cir. 1991). It is not clear whether defendant represented plaintiff as an appointed public defender or retained private counsel. In any event, however, plaintiff cannot maintain an action under § 1983 because defendant cannot be said to have acted under color of state law. See Georgia v. McCollum, 505 U.S. 42 (1992) (public defender not a state actor); see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156 (9th Cir. 2003) (retained private counsel not a state actor).

In his response, plaintiff does not offer anything that would suggest that defendant was or is a state actor. Plaintiff continues to state that defendant, who was his appointed defense attorney, is liable because he breached various duties owed by an attorney to a client. Nonetheless, the case law is clear that appointed defense counsel are not state actors for purposes of § 1983.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed with prejudice and the Clerk of the Court is directed to enter judgment and close this file.

DATED: June 22, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE